No. **SR-CV-037-96**

# District Court of the Navajo Nation

Judicial District of Shiprock, New Mexico

**Herberta Yellowhorse on behalf of her child,
Raleigh Yellowhorse and herself,
Plaintiffs,
v.
Wilbur D. Williams, and Shiprock Non-Profit
Housing and Development, Inc.,
Defendants.
Decided October 17, 1997**

## ORDER

Judge Lorene Ferguson presiding.

THIS MATTER was filed in this Court as a complaint for money damages by Plaintiff, Herberta Yellowhorse, on behalf of her child, Raleigh, and herself against Wilbur D. Williams, a non-Navajo, resident of the state of Florida, and Shiprock Non-Profit Housing and Development, Inc., a corporation managing housing units in Shiprock, New Mexico on the Navajo Reservation.

On April 14, 1994, Raleigh, son of Herberta Yellowhorse, then age two (2), was injured severely when he was hit by a vehicle driven by Defendant Williams.

The Plaintiff, on behalf of Raleigh, filed claims against Defendant Williams and Shiprock Non-Profit Housing based upon the negligence theory. In addition, the Plaintiff filed claims against both Williams and Shiprock Non-Profit Housing alleging that they each breached a duty of care to the Plaintiff and claiming they caused her emotional distress by damaging severely her mother-child relationship and depriving her of companionship, comfort, love and society to be reasonably expected from a child.

Defendant Williams filed a Motion to Dismiss Plaintiff Yellowhorse's claim for loss of companionship, comfort, love and society. Williams argued that the Navajo Supreme Court has never recognized a parent's right to recover for loss of an injured child's companionship, comfort, love and society and that loss of consortium claims in the parent/child context are not recognized in most jurisdictions and that there are overriding social policies which discourage its application.[1]

---

1. The following are some of the cases cited. Defendant cites *Wilson v. Galt* which based its finding on a policy reason stated in *Boses v. American Airlines, Inc.*, 563 P.2d 858 (Cal. 1977), which states that "[s]ocial policy must at some point intervene to delimit liability ... forseeability has not only a husband ... and the children who sue here ... likewise she has brothers, sisters, cousins, in-laws, friends, colleagues, and other acquaintances who will be deprived of her companionship." In *Boucher v. Dixie Medical Center*, 850 P.2d 1179 (Utah 1992), the Court was concerned with the impact on the cost and availability of insurance. In *Lee v. Colorado Department of Health*, the Court, concerned with a loss of consortium claim, noted that money could not effectively compensate a child for the loss of a parent, that such loss was intangible, difficult to measure, that such claims would lead to

The Plaintiff, on the other hand, argued that while the Navajo Nation Supreme Court has not recognized a parent's right to recover for loss of an injured child's companionship, comfort, love and society, the Navajo Nation Supreme Court has awarded such claims in a wrongful death suit, given the forseeability of emotional suffering by the parent of an injured child and given that Navajo children are important, precious and central to a Navajo family,[2] particularly in a matriarchal society, and therefore, loss of consortium in this case should be granted. In addition, the Plaintiff focused on the jurisdictions which have allowed such claims, citing several cases and reasoning by the courts within these jurisdictions.[3]

This issue of whether this Court will allow loss of consortium claims in this matter is the first of its kind. Loss of consortium claims involving a severely injured child is an issue of significant importance.

In *Benally v. The Navajo Nation*, 5 Nav. R. 209 (W.R. Dist. Ct. 1986), the Window Rock District Court addressed the absence of Navajo tribal legislation creating a cause of action for wrongful death actions. However, the absence of tribal legislation did not discourage the Court from addressing and allowing a wrongful death claim. The Navajo tribal judge looked to Navajo customs and case laws categorized as Navajo common law. The *Benally* Court reviewed the Navajo Nation statute, codified as 7 N.N.C. Sec. 204(a), and concluded that custom "where it exists" is superior to the common laws of the state. With that, the judge in *Benally* found that the Navajo common law recognized a wrongful death claim.

While it is true that the Navajo Nation Supreme Court in the past has not rec-

---

increased costs on individuals and society, and multiple awards against the wrongdoer.

Defendant also listed concerns, some of which are discussed above as follows:

1. Recognizing such a claim could result in a large increase in litigation and multiple claims against negligent defendants.

2. Because of the increased liability of defendants, the cost and availibilty of insurance would be adversely affected.

3. There would be great difficulty in distinguishing between the losses of parent and those of the child, thus potentially resulting in double recovery.

4. Inclusion of this type of claim would hinder and complicate settlement of personal injury claims.

5. There would be difficulty in assessing damages.

6. The additional necessary scrutinizing into a child's relationship with the parent would have an adverse emotional impact (on the child).

2. The Defendant cited *In the Matter of A.W., a Minor*, 6 Nav. R. 38 (1988), and *Alonzo v. Martine*, 6 Nav. R. 395 (1991).

3. *Enochs v. Brown*, 872 S.W. 2d 312, 322 (Tex. App. 1994): "[T]he injury or death of a spouse, parent, or child causes a great loss to the familial relationship that is worthy of compensation." In *U.S. v. Dempsey*, 635 So. 2d 961, 964 (Fla. 1994), "[C]hildren are valued for their love, affection, companionship and society they offer their parents .... The loss of a child's companionship and society is one of the primary losses that the parent of a severely injured child must endure.... [R]ecovery for this loss is necessary to ensure the parent adequate compensation for the losses sustained as the result of such injury." In *Reben v. Ely*, 146 Ariz. 309, 705 P.2d 1360, 1363 (Ariz. App. 1985), "We are convinced that there is an equal ground for finding an injury in the instant case; where the damages to the child is so great as to likewise deprive the parents of the companionship, comfort, love and society to be reasonably expected from the child during his minority."

ognized loss of consortium claims in a child/parent context involving injury to the child, the Navajo courts, in light of *Benally* and pursuant to 7 N.N.C. Sec. 204(a), are not precluded from recognizing such claims. With this, this Court will assess the arguments of the parties.

The parties each cited several state cases which either recognized such claims or rejected such claims. In addition, the parties pointed out the contending social policies supporting either the rejection or acceptance of such claims in state jurisdictions.

This Court is mindful of the arguments made by both parties. In deciding whether to grant Defendant Williams' Motion to Dismiss, several matters require discussion.

In *Benally v. The Navajo Nation*, the Court noted a written source which is recited as follows:[4]

> [W]hat is expected in all cases of injuries that arise between traditional Navajos is that the person who did the injury will make a symbolic material payment for the loss that he has caused.

Property in this context is the value given for the wrong done to lessen the sorrow, to endure the loss, and to strengthen and proceed forward in life. Injury in this context is not limited to wrongful death claims.

Here, both parties agree that Navajo children are valued. Again, in *Benally*, the Court notes a discussion by an expert testimony.

> Children are highly valued by Navajo families. Parents depend upon their children. They are resourceful in terms of future financial support and education. Youth should have full life to gain money, property and good life., *Benally*, 5 Nav. R. at 212.

The parties also raised social policy issues with which this Court is concerned. Some of the cases cited discussed drawing a line as to who can claim loss of consortium and some of the jurisdictions referred to took into account factors such as the extent of injury and the relationship between parent and child. Where courts recognize a parent's claim for the loss of a child's consortium, those courts limited such recovery, taking into account social concerns. For example, in one jurisdiction, loss of a child's consortium was allowed only where the child suffered injury resulting in a permanent total disability,[5] or where the child is a minor.[6]

The relationship between the child and parent is also a factor, as noted in *Reben v. Ely*, 705 P.2d 1360, 1365 (Ariz. App. 1985), in which *Bullard v. Barnes*, 468 N. E.2d. 1228 (1984), was quoted as follows:

---

4. Torts in Tribal Courts, Barry Berkson, a presentation for National American Indian Court Judges Association in Reno, Nevada, January 28, 1970.

5. *Dempsey*, 635 So. 2d at 965; *Pierce v. Casas Adobes Baptist Church*, 782 P.2d 1162 (Ariz. 1989).

6. *Estate of Wells v. Mount Sinai Medical Center*, 497 N.W. 2d 779 (Wis. App. 1993).

> [P]arents are entitled to a presumption of pecuniary injury in the loss of a child's society.... Defendants may rebut the presumption by presenting evidence that a parent and child were estranged.

Because of the concerns this Court has regarding claims of loss of consortium for a child's injury, should the Court decide to allow loss of consortium claims, the issue of limiting the claim is of great importance given the social policies raised not only by the Defendant but also by the Plaintiff, particularly in the context of Navajo common law and social policies rejecting or giving rise to its application. There are factors that will assist in determining whether loss of consortium of a child will be allowed in this case. A trial not having taken place, this Court lacks the sufficient factual basis that other jurisdictions have had access to when they decided whether or not to recognize loss of consortium for a child's injury. While the Plaintiff has in her brief offered information regarding the extent of the child's injury, it would be premature to accept that information as fact at this stage.

For these reasons, this Court hereby denies the Defendant's Motion to Dismiss.